IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY LINDA FRYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO .1:13-cv-545-MEF-TFM |
| ) | |
| SOUTHEASTERN CAREER ) | |
| APPAREL, ) | |
| ) | |
| Defendant. ) | |

_____

| | |
|---|---|
| MARY LINDA FRYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO .1:13-cv-683-MEF-TFM |
| ) | |
| SOUTHEASTERN CAREER ) | |
| APPAREL, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 12, 2013 this Court granted Defendant's Motion for Order to Show Cause, and Ordered that Plaintiff explain why this case is not due to be dismissed for Plaintiff's failure to comply with the Court's November 7, 2013 Order. (Docs. 21 and 23). In the November 7, 2013 Order, Plaintiff was DIRECTED to respond in full to Defendant's First Set of Discovery Requests on or before November 18, 2013 and to

respond in full to Defendant's Second Set of Discovery Requests, on or before December 2, 2013.  Furthermore, the Order stated as follows:

**The plaintiff is specifically cautioned that if she fails to respond as required by this order, the court will treat her failure as an abandonment of the claims set forth in the complaint, as amended, and as a failure to prosecute this action and the undersigned will recommend that this case be dismissed for such failure.**

Doc. 21.

Defendant's counsel represented to the court that Plaintiff has failed to respond to the discovery requests, as directed by this court.  Further, Defendant's counsel represented that he has spoken to Plaintiff on more than one occasion in an effort to have Plaintiff respond to the discovery and that these efforts were unsuccessful.  (Doc. 22).  In response, Plaintiff admitted that she failed to respond to the Defendant's discovery by the dates set by the Court.  Specifically she stated that she sent responses to the discovery on December 9, 2013 and that she was unable to respond earlier because she was hospitalized from November 26, 2013 through December 5, 2013.  (Doc. 24).

While the court is sympathetic to Plaintiff's physical condition which required hospitalization, the fact remains that Plaintiff was advised by this Court's November 7th Order that she must comply with the first discovery request by November 18, 2013, more than a week before she was hospitalized.  Even though the second court-set deadline for Plaintiff's responses occurred while she was hospitalized, Plaintiff never gave the court any notice that her health was an impediment to her ability to respond to discovery.  Moreover, the court previously extended the discovery deadline for more than 30 days upon Plaintiff's Motion.  The current discovery deadline is December 30, 2013.  (Doc.

19). Finally, Defendant's counsel represents to the court that the late responses served by Plaintiff are "unsatisfactory and indecipherable" and that he is unable to adequately prepare for Plaintiff's deposition which is set for December 19, 2013. (Doc. 25 pp.3-4).

The court concludes that Plaintiff's failure to provide timely discovery responses to the Defendant have prejudiced the Defendant's ability to prepare for and defend this case. Furthermore the court concludes that this case is due to be dismissed because Plaintiff has failed to comply with the orders of this court and to effectively prosecute this action.

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of the Magistrate Judge that this action be **DISMISSED** without prejudice for Plaintiff's failure to prosecute this action and to comply with the orders of this court.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **January 6, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404

(5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      DONE this 19th day of December, 2013.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE