IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY LINDA FRYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:13-cv-545-MEF |
| | ) | |
| SOUTHEASTERN CAREER APPAREL, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MARY LINDA FRYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:13-cv-683-MEF |
| | ) | |
| SOUTHEASTERN CAREER APPAREL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This is an employment discrimination case brought by Plaintiff Mary Linda Fryer ("Plaintiff" or "Fryer"), acting *pro se*, against her employer, Southeastern Career Apparel ("Defendant" or "Southeastern"). Now before the Court is Magistrate Judge Terry F. Moorer's Report and Recommendation (Doc. #26) that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's discovery orders,

Plaintiff's objection to the Report and Recommendation (Doc. #27), and Southeastern's Submission in Support of Recommendation and Report of Magistrate Judge (Doc. #34).

## II.  FACTS AND PROCEDURAL HISTORY

This case began less than a year ago as two actions that were subsequently consolidated.  (Docs. #1, 17.)  The case was referred to Judge Moorer for all pretrial proceedings and entry of any orders and recommendation as may be appropriate.  (Doc. #3.)  Judge Moorer originally set the discovery deadline as November 25, 2013, but extended it to December 30, 2013, upon Plaintiff's request.  (Docs. #18, 19.)

Southeastern served Plaintiff with two sets of discovery requests.  The first set was served on Plaintiff on October 1, 2013, and the second set was served on Plaintiff on November 1, 2013.  Responses were due thirty days later under the Federal Rules of Civil Procedure.

By November 7, 2013, Plaintiff had not responded to Southeastern's first discovery requests.  Southeastern filed a Motion to Compel, which Judge Moorer granted that same day. (Docs. #20, 21.)  In the November 7, 2013 Order, Judge Moorer ordered Plaintiff to provide complete responses to Southeastern's first set of discovery requests no later than November 18, 2013, and to Southeastern's second set of discovery requests no later than December 2, 2013. (Doc. #21.)  Judge Moorer further warned Plaintiff that "**if she fails to respond as required by this order, the court will treat her failure as an abandonment of the claims set forth in the complaint, as amended, and as a failure to prosecute this action and the undersigned will recommend that this case be dismissed for such**

**failure**."  (Doc. #21.)

By December 5, 2013, Southeastern still had not received Plaintiff's discovery responses.  As a result, on December 5, 2013, Southeastern filed a Motion for Order to Show Cause, wherein it asked the Court to order Plaintiff to show cause why the case should not be dismissed pursuant to Rule 37 for her failure to comply with the Court's discovery order. (Doc. #22.)  On December 12, 2013, Judge Moorer granted Southeastern's Motion for a Show Cause Order, wherein the Court advised Plaintiff that it "is inclined to recommend dismissal of this action for Plaintiff's failure to prosecute this case."  (Doc. #23.)

On December 13, 2013, Plaintiff filed a response to the Show Cause Order, wherein she explained that she sent her discovery response to Southeastern on December 9, 2013, and that she had been hospitalized on November 26, 2013 (after her first set of responses were due per Court order, but before her second set of responses were due) until December 5, 2013.  (Doc. #24.)  Plaintiff attached a doctor's note to her response showing that she was hospitalized from November 26 to December 5, 2013.  On December 18, 2013, Southeastern responded to Fryer's response, claiming that Plaintiff's responses were late, despite the Court's warnings, and wholly incomplete. (Doc. #25.)  Southeastern claims that it has been prejudiced by Plaintiff's actions in that it is unprepared to take her deposition based on the discovery responses she provided and that her lawsuit should be dismissed as a result.

A day later, on December 19, 2013, Judge Moorer entered a Report and Recommendation wherein he recommended dismissal of Plaintiff's action without prejudice for failure to prosecute and to comply with discovery orders.  Judge Moorer noted that

Plaintiff failed to respond to the first set of discovery requests, which were due before she was hospitalized, and although she was hospitalized when her responses to the second set of discovery requests came due, she never informed the Court of this impediment or requested an extension, as she had done previously in the case. Based on this, and the inability of Southeastern to defend the case, Judge Moorer recommended dismissal of Plaintiff's action. (Doc. #26.)

On January 6, 2014, Plaintiff objected to Judge Moorer's Report and Recommendation, wherein she explained her hospitalization and her attempts at serving her discovery responses, and requested that her lawsuit not be dismissed. This Court held a hearing on Plaintiff's objection on March 6, 2014. Both Plaintiff and Southeastern were present at the hearing and presented arguments to the Court.

### III. DISCUSSION

There are consequences for failing to comply with the orders of this Court, whether a party is acting *pro se* or represented by the most experienced counsel. *See United States v. Varnado*, No. 11-10813, 2011 WL 5248163, at *2 (11th Cir. Nov. 3, 2011) (noting that *pro se* litigants are subject to sanctions for misconduct and for failure to comply with court orders); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant."). These consequences include, among other things, sanctions and even dismissal of an action. *See* Fed. R. Civ. P. 37. Indeed, this Court fully supports the use of sanctions under Rule 37, but only in appropriate circumstances.

The sanction of dismissal is an extreme remedy that is appropriate where a party's

conduct amounts to "'flagrant disregard and willful disobedience' of the court's discovery orders." *Hashemi v. Campaigner Publications Inc.*, 737 F.2d 1538, 1539 (11th Cir. 1984) (quoting *Phillips v. Ins. Co. of N. Am.*, 633 F.2d 1165, 1167 (5th Cir. 1981)).  The Court finds that Plaintiff did not engage is such conduct here.  Plaintiff submitted evidence with her objection to the Report and Recommendation demonstrating that she was hospitalized from November 26 to December 5, 2013 for a "nervous breakdown," during which time at least one set of her discovery responses were due.  Plaintiff further represented to this Court at the March 6, 2014 hearing that she was having issues and experiencing symptoms that culminated in her nervous breakdown before her hospitalization, that she informed Southeastern of her medical issues, and that she submitted her discovery responses shortly after she was released from the hospital.

In short, the Court is satisfied that Plaintiff's failure to timely respond to discovery requests was not the result of her flagrant or willful disregard of Judge Moorer's discovery orders, but because of her medical issues, which this Court considers excusable neglect. **However, Plaintiff is cautioned that any further failures by her to respond to any orders of this Court in a timely and complete fashion will not be permitted.  If Plaintiff engages in such action at any future point in this litigation, a report and commendation by the Magistrate Judge to dismiss this action with prejudice as a result will be well-taken.**

## IV.  CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiff's Objection to the Report and Recommendation of the Magistrate Judge (Doc. #27) is SUSTAINED, and this case is

returned to the assigned Magistrate Judge for all further pretrial proceedings and entry of any reports and recommendations as may be appropriate.

DONE this the 10th day of March, 2014.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE